# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS JEFFERSON UNIVERSITY HOSPITAL, | Civil No. 10-1659 (NLH/KMW) |
| Plaintiff, | **OPINION** |
| v. | |
| WILLIAM B. KESSLER MEMORIAL HOSPITAL, INC., | |
| Defendant. | |

**APPEARANCES:**

Thomas Wesley Brewer, Esquire
Tabas & Rosen, PC
1845 Walnut Street
22nd Floor
Philadelphia, Pennsylvania 19103
   *Attorney for Plaintiff*

Ellis I. Medoway, Esquire
Benjamin David Morgan, Esquire
Archer & Greiner, PC
One Centennial Square
Haddonfield, New Jersey 08033
   *Attorney for Defendant*

**<u>HILLMAN, District Judge</u>**

This matter comes before the Court by way of Plaintiff Thomas Jefferson University Hospital's motion [Doc. No. 28] for partial summary judgment.  The Court has considered the parties submissions, and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion is

granted in part and denied in part.

I.   **JURISDICTION**

Plaintiff, Thomas Jefferson University Hospital, brings this action under the Employee Retirement Income Security Act ("ERISA").  (Pl.'s Am. Compl. [Doc. No. 19] ¶ 6) (citing 29 U.S.C. § 1101 et seq.)  The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal claims, and pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff, a citizen of Pennsylvania, and Defendant, a citizen of New Jersey.  (See Pl.'s Am. Comp. ¶¶ 3-5, 7.)

II.   **BACKGROUND**

Plaintiff, Thomas Jefferson University Hospital (hereinafter "Plaintiff" or "Jefferson Hospital") filed a complaint against Defendant, William B. Kessler Memorial Hospital (hereinafter, "Defendant" or "Kessler Hospital") on April 4, 2010.  (See generally Pl.'s Compl. [Doc. No. 1].)  In the complaint, Plaintiff seeks judgment against Defendant in the amount of $687,369.18, plus interests, costs, and attorneys' fees based on Defendant's failure to pay costs for the medical care incurred by one of Defendant's employees who was treated at Jefferson Hospital.  (Id. ¶¶ 11-16, "Wherefore" clause, 3.)  Specifically, Plaintiff alleges that Defendant is the fiduciary of an employee benefit plan organized and existing under ERISA, in which Janet

Gazzara,[1] an employee of Defendant, was a participant.  (Id. ¶¶ 11-12.)  Plaintiff asserts that Ms. Gazzara was admitted to Jefferson Hospital from February 26, 2009 through April 2, 2009, during which time Ms. Gazzara received necessary medical care that resulted in charges of $687,369.18.  (Id. ¶¶ 10, 13.) Plaintiff alleges that under the terms of the employee benefit plan, Defendant is obligated to pay for the charges incurred as a result of Ms. Gazzara's admission to Jefferson Hospital.  (Id. ¶ 14.)  Moreover, Plaintiff contends that the claim for Ms. Gazzara's treatment was not denied, is not under an internal administrative review, and despite demand for payment, Defendant has refused to pay these charges.  (Id. ¶¶ 15-16.)

By Order dated October 5, 2010, the Magistrate Judge assigned to this case granted Plaintiff's motion to file an amended complaint.  (Order [Doc. No. 18] 2-3, Oct. 5, 2010.) Accordingly, on October 6, 2010, Plaintiff filed the amended complaint which added another claim for payment based on charges incurred by another one of Defendant's employees, Joann

---

1.  As set forth in the complaint, Janet Gazzara "executed an assignment under the terms of which, she assigned to [P]laintiff all funds that came due from [D]efendant under the terms of [the] employee benefit plan as a result of [Ms. Gazzara's] ... admission to" Jefferson Hospital.  (Pl.'s Compl. ¶ 17.) Accordingly, Plaintiff brings this action as the assignee of Ms. Gazzara.  The validity of this assignment is not in dispute. (Compare Pl.'s St. of Mat. Fact ¶ 14, with Def.'s Resp. ¶ 14.)

Defelice,[2] for medical treatment she received at Jefferson
Hospital.  (Pl.'s Am. Comp. ¶¶ 19-26.)  Similarly to the claim
regarding Ms. Gazzara, Plaintiff alleges that Ms. Defelice was an
employee of Defendant who was covered under Defendant's employee
benefit plan, and thus, Defendant is obligated under the terms of
the plan to pay charges in the amount of $74,369.64 based on the
medical care Ms. Defelice received at Jefferson Hospital on
February 24-26, 2009, March 10, 2009, and March 11-April 3, 2009.
(Id. ¶¶ 19-23.)  Plaintiff further alleges that the claim for Ms.
Defelice's treatment was not denied, is not under an internal
administrative review, and despite demand for payment, Defendant
has refused to pay these charges.  (Id. ¶¶ 24-25.)

III.  **DISCUSSION**

    A.   **Standard for Summary Judgment**

    In the present motion, Plaintiff moves for partial summary
judgment and seeks an order from the Court entering judgment
against Defendant in the amount of $166,893.46, plus prejudgment
interest and costs.[3]  (Pl.'s Proposed Order [Doc. No. 28] 1; see

_____

2.  As set forth in the complaint, Joann Defelice "executed an
assignment under the terms of which, she assigned to [P]laintiff
all funds that came due from [D]efendant under the terms of [the]
employee benefit plan as a result of [Ms. Defelice's] ...
admission to" Jefferson Hospital.  (Pl.'s Am. Compl. ¶ 26.)
Accordingly, Plaintiff also brings this action as the assignee of
Ms. Defelice.  The validity of this assignment is not in dispute.
(Compare Pl.'s St. of Mat. Fact ¶ 23, with Def.'s Resp. ¶ 23.)

3.  Plaintiff requests that this judgment be entered "without
prejudice to [P]laintiff's right to prove at trial that

also Br. in Supp. of Pl.'s Mot. for Partial Summ. J. [Doc. No. 28] (hereinafter, "Pl.'s Br."), 5.)  Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.

---

additional sums may be due from [D]efendant."  (Pl.'s Proposed Order [Doc. No. 28] 1.)

Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" –– that is, pointing out to the district court –– that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.") (citing Celotex, 477 U.S. at 325).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

IV.   <u>**ANALYSIS**</u>

A.   **Undisputed Material Facts**

Defendant does not dispute the majority of the material facts alleged by Plaintiff.  Specifically, Defendant admitted that both Ms. Gazzara and Ms. Defelice were Kessler Hospital employees, and that these employees were participants in Kessler Hospital's employee benefit plan from February 1, 2009 through March 31, 2009, and February 24, 2009 through March 31, 2009, respectively.  (<u>Compare</u> Pl.'s Statement of Uncontested Material Facts in Supp. of Pl.'s Mot. for Partial Summ. J. [Doc. No. 28] (hereinafter, "Pl.'s St. of Mat. Fact") ¶¶ 6-7, 15-16, <u>with</u> Def.'s Resp. to Pl.'s Statement of Material Fact [Doc. No. 29-2] (hereinafter, "Def.'s Resp.") ¶¶ 6-7, 15-16.)  Moreover, Defendant further concedes that it was the plan administrator and named fiduciary of the health benefits plan for Kessler Hospital employees.  (<u>Compare</u> Pl.'s St. of Mat. Fact ¶ 3, <u>with</u> Def.'s Resp. ¶ 3.)

With respect to each individual employee, Defendant does not dispute that Ms. Gazzara received inpatient medical treatment at Jefferson Hospital from February 26, 2009 through April 2, 2009, nor does Defendant dispute that Ms. Defelice received inpatient and outpatient treatment at Jefferson Hospital during the same

time frame.[4]  Furthermore, Defendant does not dispute the fact

that Kessler Hospital was not advised[5] by its third party

administrators, Insurance Design Administrators and AmeriHealth

Administrators, that the claims for Ms. Gazzara's and Ms.

Defelice's medical treatment were "non-covered, excluded,

medically unnecessary, or denied for any other reason."  (<u>Compare</u>

Pl.'s St. of Mat. Fact ¶¶ 10, 18, <u>with</u> Def.'s Resp. ¶¶ 10, 18.)

Defendant also admits that these claims were not paid to

Jefferson Hospital because Defendant did not have sufficient

funds to make the payments for the medical care Ms. Gazzara and

Ms. Defelice[6] received.  (<u>Compare</u> Pl.'s St. of Mat. Fact ¶¶ 11,

---

4. The Court notes that with respect to Ms. Defelice, these dates
of service at Jefferson Hospital are different than those alleged
in the amended complaint.  In the amended complaint, Plaintiff
alleges that Ms. Defelice received medical care at Jefferson
Hospital from February 24-26, 2009, on March 10, 2009, and from
March 11-April 3, 2009.  (Pl.'s Am. Compl. ¶ 19.)  The dates in
the amended complaint are consistent with the dates to which
Defendant's Rule 30(b)(6) corporate designee testified to during
his deposition.  (<u>See</u> Dep. of Peter Yecco, Ex. B to Pl.'s Mot.
for Partial Summ. J. [Doc. No. 28-2], 56:16-57:6.)

5.  To the extent either of these claims would have been denied,
it appears that Defendant would have been informed of the basis
for this denial from either Insurance Design Administrators or
AmeriHealth Administrators.  (<u>See</u> Pl.'s St. of Mat. Fact ¶¶ 10,
18; <u>see also</u> Def.'s Resp. ¶¶ 10, 18.)  Defendant contends that it
"relied entirely upon Insurance Design Administrators and
AmeriHealth Administrators to oversee the collection of claims
and payment for eligible health benefits."  (Def.'s Resp. ¶ 14.)

6.  Defendant in fact admits that it "received a request from
Insurance Design Administrators to fund the payment of Ms.
Defelice's claim for services rendered by [P]laintiff."  (<u>Compare</u>
Pl.'s St. of Mat. Fact ¶ 19, <u>with</u> Def.'s Resp. ¶ 19.)

19-20, <u>with</u> Def.'s Resp. ¶¶ 11, 19-20.)  Defendant further
concedes that it never provided either Ms. Gazzara or Ms.
Defelice with notice that their respective claims were not paid.
(<u>Compare</u> Pl.'s St. of Mat. Fact ¶¶ 12, 21, <u>with</u> Def.'s Resp. ¶¶
12, 21.)

**B.   Plaintiff's Calculation of Damages**

Based on the foregoing undisputed facts, Plaintiff argues
that Defendant's "candid admission that [Plaintiff's] claim[s]
were not paid because of [Defendant's] financial problems, there
is not a bona fide question as to [Defendant's] liability."
(Pl.'s Br. 4.)  Plaintiff asserts that "the only remaining
question is the amount of [Defendant's] liability" and contends
that the Court should enter judgment in the amount of
$166,893.46.  (<u>Id.</u>)  Plaintiff apparently relies on the
deposition testimony of Defendant's Rule 30(b)(6) corporate
designee to argue that Defendant should have reimbursed Jefferson
Hospital at the rates set forth in Defendant's contract with
AmeriHealth Administrators, such that Defendant should have paid
thirty-three percent (33%) of the charges incurred for each
individual employee's medical treatment.  (Pl.'s Br. 4) (citing
Dep. of Peter Yecco, Ex. B to Pl.'s Mot. for Partial Summ. J.
[Doc. No. 28-2],43:23-44:10, 58:12-59:8, 65:2-11.)  Thus,
Plaintiff asserts that at a rate of thirty-three percent,
Defendant was obligated to pay Jefferson Hospital approximately

$253,484.00[7] for the charges incurred as a result of Ms. Gazzara's and Ms. Defelice's medical treatment.  (Pl.'s Br. 4.)

In support of this argument, Plaintiff submitted the Affidavit of Thomas J. Louden, the Director of Managed Care and Contract Compliance at Jefferson Hospital.  (See Aff. of Thomas J. Louden, Ex. C to Pl.'s Mot. for Partial Summ. J. [Doc. No. 28-4] (hereinafter, "Louden Aff."), ¶ 1.)  In his role as Director of Managed Care and Contract Compliance, Mr. Louden is responsible for "confirming that payers with which [Jefferson Hospital] contracts reimburse [Jefferson Hospital] in accordance with the terms of the applicable contracts."  (Id. ¶ 2.)  In his affidavit, Mr. Louden explains that the amount Defendant Kessler Hospital should have reimbursed Plaintiff Jefferson Hospital for Ms. Gazzara's and Ms. Defelice's claims was based on a contract that existed between Jefferson Hospital and Independence Blue Cross ("IBC") at that time.  (Id. ¶ 6.)  Specifically, Mr. Louden attests that at the time Ms. Gazzara and Ms. Defelice were treated at Jefferson Hospital, these individuals were employees of Kessler Hospital, and that Kessler Hospital contracted with

_____

7.  Plaintiff appears to have calculated this number by adding charges in the following amounts -- $687,369.13 for Ms. Gazzara, and $54,410.64 and $18,673.00 for Ms. Defelice -- and dividing this number by a third.  However, according to the Court's calculations, thirty-three percent of the total charges is $250,949.41 -- a difference of approximately $2,535.00.  This is because one-third (.33333∞) is a slightly higher percentage than 33%.  The agreement calls for 33% not 1/3.

AmeriHealth Administrators.  (Id. ¶¶ 3-4.)  According to Mr.
Louden, AmeriHealth Administrators is "covered by [Jefferson
Hospital's] contract with Independence Blue Cross[,]" meaning
that Amerihealth Administrators accesses services at Jefferson
Hospital through Jefferson Hospital's contract with IBC.  (Id. ¶
5; Pl.'s Br. 4.)  Therefore, based on Mr. Louden's familiarly
with the contract between Jefferson Hospital and IBC, Mr. Louden
apparently "calculated that, under the terms of that contract,
[Plaintiff] should have been reimbursed the following sums for
the treatment rendered to these patients through March 31, 2009:
[Ms.] Gazzara  Inpatient: 02/26/2009-03/31/2009  $116,127.00
[Ms.] Defelice Inpatient: 02/24/2009-02/26/2009  $39,643.00
[Ms.] Defelice Outpatient: 03/11/2009-03/31/2009 $11,123.46."
(Louden Aff. ¶ 6.)  In total, these reimbursements equal
$166,893.46.[8]  (Id.)  Plaintiff argues that this is the amount
that would have been due if these claims were timely paid through
AmeriHealth Administrators.  (Pl.'s Br. 4.)

### C.   Defendant's Opposition to Summary Judgment

Defendant opposes Plaintiff's motion for partial summary
judgment on two grounds.  First, Defendant contends that there is

---

8.  Plaintiff asserts that the difference between the initial
calculation by Defendant's Rule 30(b)(6) designee of $253,484.00
and Mr. Louden's calculation of $166,893.46 is presumably "due to
the fees of Insurance Design Administrators and/or AmeriHealth
Administrators."  (Pl.'s Br. 4 n.6.)  However, Plaintiff offers
no evidence to support this assertion and fails to sufficiently
explain this discrepancy.

a disputed issue of material fact as to the amount Plaintiff is
owed because Plaintiff did not produce a "rate sheet" relevant to
determining Jefferson Hospital's reimbursement rates as required
by March 15, 2011 Order entered by the Magistrate Judge.  (Def.'s
Letter Br. in Opp'n to Pl.'s Mot. for Partial Summ. J. [Doc. No.
29] (hereinafter, Def.'s Opp'n), 1.)  Second, Defendant asserts
that the entry of summary judgment based on the Louden Affidavit
would be unfair and prejudicial to Defendant's "right of full
discovery" because the Louden Affidavit is the sole source of
support for Plaintiff's motion, but Mr. Louden was never named in
discovery as a person with relevant knowledge.  (Id.)

### (1) Summary Judgment as to Liability

Although Defendant clearly disputes the issue of damages in
this case, Defendant does not oppose Plaintiff's contention that
Defendant has admitted all of the facts necessary to establish
liability for payment of the claims as alleged in the amended
complaint.  (See generally Def.'s Opp'n 1-5.)  In light of
Plaintiff's arguments, the undisputed facts set forth supra, and
Defendant's failure to oppose Plaintiff's allegations as to
liability, the Court finds that Plaintiff has satisfied its
burden to demonstrate that there is no genuine issue of material
fact as to Defendant's liability in these circumstances.  See
Brenner v. Twp. of Moorestown, No. 09-219, 2011 WL 1882394, at
*11 (D.N.J. May 17, 2011) (recognizing that a party's "failure to

12

respond to" the opposing party's arguments on summary judgment
"constitutes an abandonment of these cause of action and
essentially acts as a waiver of these issues.") (citations and
internal quotations omitted).  Plaintiff is therefore entitled to
judgment as a matter of law on the issue of liability.
Accordingly, the Court grants Plaintiff's motion for partial
summary judgment with respect to the issue of Defendant's
liability for payment of the claims set forth in the amended
complaint.

### (2) Summary Judgment as to Damages

With respect to the issue of damages, as set forth <u>supra</u>,
Defendant argues that "there is a disputed issue of material fact
as to the amount Jefferson [Hospital] is allegedly owed" based on
Plaintiff's failure to produce the rate sheet as ordered by the
Court.  (Def.'s Opp'n 1.)  As to the rate sheet in question, the
Court notes that by letter dated March 10, 2011, counsel for
Defendant raised a discovery dispute to the Magistrate Judge
assigned to this case.  (Letter from Benjamin D. Morgan, Esq.,
dated March 10, 2011 [Doc. No. 27] 1-2.)  In the letter, counsel
for Defendant explained that counsel for Plaintiff refused to
produce a contract "involving Jefferson Hospital and Amerihealth
Administrators that provided a formula that would reduce the
amount of money Jefferson [Hospital] could recover for costs
expended on its patients."  (<u>Id.</u>)  Defense counsel further noted

13

that the "issue of Jefferson's damages [was] a disputed factual
issue in this case."  (<u>Id.</u> at 1.)  Based in part on "the
significant impact this contract [could] have on the factual
issues of Plaintiff's damages," Defense counsel requested a
discovery conference to address Plaintiff's refusal to produce
the documents.  (<u>Id.</u> at 2.)  Accordingly, on March 15, 2011, the
Magistrate Judge conducted a telephone discovery conference in
this case.

    In seeking discovery of the contract at issue, Defendant
argued before the Magistrate Judge that "the document requested
is the contract between Plaintiff and the health insurance
carrier which sets forth the amount that would have been paid to
Plaintiff for the services provided by [Plaintiff] to Ms.
DeFelice and Ms. Gazzara (the services [Plaintiff] seeks
payment for by virtue of this Complaint)."  (Order [Doc.
No. 26] 1, Mar. 15, 2011.)  Plaintiff opposed the production of
this contract on the basis that the contract was (1) not within
the scope of Defendant's discovery requests, and (2) had no
bearing on Defendant's obligation to pay Plaintiff since no
payments were actually made pursuant to the contract.  (<u>Id.</u> at 1-
2.)  The Magistrate Judge determined that "to the extent
Plaintiff seeks payment for services rendered by [Plaintiff] to
Ms. DeFelice and Ms. Gazzara which should have or could have been
paid pursuant to the payment terms set forth in the contract at

14

issue, said contract is relevant to the claims and/or defenses in this case and thereby reasonably calculated to lead to the discovery of admissible evidence." (Id. at 2.)  Accordingly, subject to the entry of a discovery confidentiality order, the Court ordered Plaintiff to "produce the Rate Sheet included in the contract between Thomas Jefferson University and Independence Blue Cross in existence at the time the services were rendered by Thomas Jefferson University to Ms. DeFelice and Ms. Gazzara." (Id.)

In opposing summary judgment, Defendant represents that the parties are still negotiating the terms of the discovery confidentiality order and as such the rate sheet related to the contract between Jefferson Hospital and IBC has not been produced by Plaintiff. (Def.'s Opp'n 2-3.)  Defendant argues that until the rate sheet is provided, discovery is incomplete and summary judgment is inappropriate. (Id.)  Defendant asserts that Plaintiff's motion should be denied because it was filed "while a crucial question about the actual amount Jefferson is owed still exist[ed]." (Id. at 3.)

Defendant also challenges Plaintiff's reliance on the Louden Affidavit because, according to Defendant, Mr. Louden was not previously identified as an individual with relevant knowledge in this litigation. (Id. at 3-4.)  Defendant contends that the last minute inclusion of Mr. Louden's Affidavit, which represents the

15

only evidence to support Plaintiff's claimed amount of damages,
is unfair and should be rejected because Defendant did not have
an opportunity to depose Mr. Louden.  (Id. at 4.)  Finally,
Defendant also opposes Plaintiff's motion on the basis that it is
unclear how Mr. Louden derived his calculations since the Louden
Affidavit simply states in a conclusory fashion that Plaintiff
should have been reimbursed a total of $166,893.46 on the claims
at issue.  (Id. at 4-5.)  Defendant argues that Mr. Louden fails
to reference any authority for this figure, and contends that
Defendant should have an opportunity to depose Mr. Louden
regarding how his calculations were made and on what documents he
relied.  (Id. at 5.)

     In reviewing the Louden Affidavit, the Court notes that
despite Defendant's argument to the contrary, Mr. Louden
specifically references his reliance upon Jefferson Hospital's
contract with IBC to calculate the amount of reimbursement
allegedly due to Plaintiff.  (Louden Aff. ¶ 6) ("I am familiar
with [Jefferson Hospital's] contract with Independence Blue Cross
and have calculated that, under the terms of that contract
[Jefferson Hospital] should have been reimbursed ...
$166,893.46.")  However, it is clear from Defendant's opposition
and Plaintiff's reply, that due to the parties' inability to
agree on the terms of the discovery confidentiality order and to
execute the same, Plaintiff has not yet produced to Defendant

16

either the contract between Jefferson Hospital and IBC or its associated rate sheet.  (Def.'s Opp'n 2-3; see also Pl.'s Supplemental Br. in Supp. of Pl.'s Mot. for Partial Summ. J. [Doc. No. 30] 4.)  Defendant clearly disputes Plaintiff's calculations of damages as set forth in the Louden Affidavit, and Defendant, anticipating that damages would be disputed in this case, has obviously sought discovery of the specific documents upon which Mr. Louden relied.  (See Def.'s Resp. ¶¶ 5, 13, 22.) Moreover, the Court recognizes that without access to the documents upon which Mr. Louden relied -- the same documents which the Magistrate Judge ordered Plaintiff to produce previously -- and in the absence of a full explanation of how Mr. Louden calculated Plaintiff's asserted damages, Defendant is at a disadvantage.

Therefore, the Court finds that Defendant has raised a genuine issue of material fact as to the precise amount of damages to which Plaintiff is entitled in this action. Accordingly, the Court cannot say, as a matter of law, that Plaintiff is entitled to judgment in the amount of $166,893.46. Thus, Plaintiff's motion for partial summary judgment is denied without prejudice as to the issue of Plaintiff's damages.  See, e.g., N. Am. Steel Connection, Inc., v. Watson Metal Prods. Corp., No. 08-4247, 2010 WL 3724518, at *1, 16 (D.N.J. Sept. 14, 2010) (denying plaintiff's motion seeking partial summary

judgment as to damages where issues of material fact existed which precluded summary judgment on plaintiff's entitlement to its specified damages); <u>King v. GNC Franchising, Inc.</u>, No. 04-5125, 2007 WL 1521253, at *2-3 (D.N.J. May 23, 2007) (granting GNC's motion for summary judgment as to liability for its breach of contract counterclaim and simultaneously denying summary judgment to GNC on the issue of damages where the counterclaim defendants contested the accuracy of GNC's calculations).

**V.   <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff Jefferson Hospital's motion [Doc. No. 28] for partial summary judgment is granted in part, as to the issue of Defendant's liability, and denied without prejudice in part, as to the issue of damages.  An Order consistent with this Opinion will be entered.


Dated: December 14, 2011          /s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

18